```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :
                              :      09-CR-573 (BMC)(MDG)
          v.                  :
                              :      March 29, 2010
EARL MORGAN,                  :
                              :      Brooklyn, New York
               Defendant.     :
                              :
------------------------------X


         TRANSCRIPT OF CRIMINAL CAUSE FOR CONFERENCE
             BEFORE THE HONORABLE MARILYN D. GO
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          BENTON J. CAMPBELL, ESQ.
                             UNITED STATES ATTORNEY
                             BY: HILARY LEY JAGER, ESQ.
                                 DAVID BITKOWER, ESQ.
                             ASSISTANT U.S. ATTORNEYS
                             271 Cadman Plaza East
                             Brooklyn, New York  11201


For the Defendant:           LAWRENCE MARK STERN, ESQ.




Audio Operator:



Court Transcriber:           ARIA TRANSCRIPTIONS
                             c/o Elizabeth Barron
                             31 Terrace Drive, 1st Floor
                             Nyack, New York 10960
                             (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  United States versus Morgan, docket
 2   number 09-CR-573.
 3              Will counsel appearing by telephone please state
 4   their names for the record?
 5              MS. JAGER:  Hilary Jager and David Bitkower for
 6   the government.  Good morning, Your Honor.
 7              MR. STERN:  Lawrence Mark Stern for defendant Earl
 8   Morgan.
 9              THE COURT:  Good morning, counselors.
10              MR. STERN:  Good morning.
11              THE COURT:  I have to say, Mr. Stern, I agree with
12   the government that the hearing shouldn't be adjourned.  But
13   what I wanted to discuss with you was just starting a little
14   later, to give you just a little time, because we're not
15   dealing with volumes of records here.  So we'll start at
16   11:00 or 12:00.
17              But I wanted to talk to the government about the
18   timing, to make sure it's feasible and to get a sense how
19   long the government thinks its case will take.
20              MS. JAGER:  Your Honor, the government expects
21   their case to be relatively brief.  I expect no more than a
22   couple of hours at most.
23              THE COURT:  Okay.
24              MS. JAGER:  We have two, possibly three witnesses.
25   The 3500 material that we'll be turning over to Mr. Stern,
```

```
 1  it and will be available, hopefully, within the next couple
 2  of hours.  Also, it's not voluminous at all.  And I intend
 3  to (ui) available to him.  I know it's a holiday and --
 4            THE COURT:  Okay.
 5            MR. STERN:  Well, I won't be able to get it today.
 6            THE COURT:  Well, Mr. Stern, you'll be getting it
 7  in advance of the hearing, so it will be available and we'll
 8  start at 11:00.  I can't imagine that an experienced
 9  attorney like you wouldn't be able to digest the material.
10            MR. STERN:  I wouldn't make the request, Your
11  Honor, if it wasn't for the Passover holidays and the other
12  issues that I raised about this.  I wasn't doing it
13  frivolously, and I know that it impacts on the Court's
14  schedule, so I'm quite -- quite aware of all those things,
15  and I did it because I thought it was necessary.
16            THE COURT:  You're going to get the materials from
17  the government in advance.  If something else turns up that
18  requires a continuation of the hearing, we'll do that.  But
19  the government has its witnesses lined up.  I think we
20  should go forward, and I have very little sympathy on your
21  request regarding subpoenas, because no one stopped you from
22  subpoenaing the records earlier.
23            MR. STERN:  (Ui).
24            THE COURT:  I thought that can be worked out.  I
25  will authorize you go to and buy a copy.
```

1         MR. STERN: They don't have it, Judge. I called
2 them this morning. They're out of stock.
3         THE COURT: We have -- I think we can get it from
4 the library. We'll fax it to both sides, at least the 2006
5 edition, and we'll see what works.
6         You have the software for the -- could you just
7 print it -- if you can't print it, could you just e-mail the
8 pertinent provisions to Ms. Jager?
9         MR. STERN: You're asking me about the 2010
10 edition?
11         THE COURT: Whatever you have.
12         MR. STERN: I only have the 2010 edition.
13         THE COURT: Yes. No, no --
14         MR. STERN: Right now, I'm not able to do anything
15 because my printer is down.
16         THE COURT: That's why I'm suggesting you e-mail
17 it to Ms. Jager, and we will -- we will --
18         MR. STERN: I don't know if -- I'll try that but I
19 can't -- I don't know if that works but I'll try it.
20         THE COURT: What you do is you copy. You just
21 block it and copy it and stick it into an e-mail or put it
22 in a word processing file.
23         MR. STERN: Well, it's a lot of material, Judge.
24 There are, you know, 25 or so huge sections involved in
25 this. It's going to be a huge job to do that.

```
 1              MS. JAGER:  Your Honor, if I may.
 2              THE COURT:  Yes.
 3              MS. JAGER:  Is it possible for Mr. Stern, just for
 4   the relevant portions -- I know he's correct that the guide
 5   itself is very voluminous.  But if he could --
 6              THE COURT:  That's what I was suggesting.
 7              MR. STERN:  I'm talking about the relevant
 8   sections.
 9              THE COURT:  All right.
10              MR. STERN:  The relevant sections are voluminous.
11   The ones that I have listed in the subpoena that was issued,
12   that was served today --
13              THE COURT:  It was served today?
14              MR. STERN:  Yes.  It was too late to serve it on
15   Friday, after you signed the order, so it was served today.
16              THE COURT:  I signed it (ui), I think, but
17   anyway --
18              MR. STERN:  The investigator tried and couldn't
19   get there in time.
20              THE COURT:  Well, we'll see what we have.  I don't
21   -- you have the benefit of having the provisions anyway, but
22   we will -- we will get a copy of the guide.  The latest
23   guide that we are able to get a hold of is 2006 from the
24   library.  We'll fax it over or have a copy delivered to --
25   to the government anyway, and we can fax what we have to Mr.
```

```
 1  Stern.
 2          MR. STERN:  Well, I don't know that that solves
 3  the government's problem, because they -- they want the
 4  edition that was effective in July, 2009.
 5          THE COURT:  Mr. Stern?
 6          MR. STERN:  Yeah.
 7          THE COURT:  You're going to find a way to get the
 8  pertinent provisions sent to Ms. Jager.
 9          MR. STERN:  Yes, I have, and I'm doing that by
10  subpoena.
11          THE COURT:  Wait, wait, wait.  I know you can copy
12  it.  If you can print it, you can copy it.  If you can print
13  pages from that software --
14          MR. STERN:  I haven't printed any pages from it.
15          THE COURT:  Well, you have to just get someone to
16  do it.  And my suspicions are -- is that there won't be too
17  many changes as far as -- if any -- the pertinent provisions
18  are concerned.  And if there are no changes between 2006 and
19  2010, we can readily infer that whatever you're referring to
20  would work.
21          MS. JAGER:  Your Honor, if Mr. Stern could just
22  tell us the sections of the 2010 edition, I can make best
23  efforts on the government's part to get the 2009 version.
24  We don't have it but if I knew what sections we were looking
25  for, I could ask, you know, my agent and my --
```

```
 1                MR. STERN:  I could do that, sure.
 2                THE COURT:  Okay.
 3                MS. JAGER:  So if could do that as well, maybe
 4   between those two different angles, we can get, you know,
 5   the sections that we need in advance.
 6                THE COURT:  All right.  That's a good solution.
 7                So I'll see you on Wednesday at 11:00.
 8                MR. STERN:  There's just one other matter.
 9                Ms. Jager, I assume you are planning to have Ray
10   Martinez, the case detective, at the hearing.
11                MS. JAGER:  Ray Martinez is not the case
12   detective.  So, no, I was not having him present.
13                MR. STERN:  He's the signatory on the federal
14   complaint.
15                MS. JAGER:  He's on the complaint, but the case
16   agent for this case is (ui) Hernandez, and he will be
17   present.
18                MR. STERN:  Okay.
19                Will you please have Ray Martinez there?
20                MS. JAGER:  I can speak with him as well.  And is
21   it possible for you to tell me now, Mr. Stern, what sections
22   you are planning --
23                MR. STERN:  Yes, but we don't need to keep the
24   magistrate judge on the phone for that.
25                THE COURT:  Well, why don't you just fax the
```

```
 1   subpoena that I signed?
 2              MR. STERN:  Yeah, or I can -- I'll tell them to
 3   her.
 4              THE COURT:  Okay.
 5              MR. STERN:  I can't fax.  I can't fax.  It's an
 6   all-in-one machine.  I can't fax.  But I can tell her.  I'll
 7   tell her the relevant sections.  If you want to stay on the
 8   phone while I do that, that's fine.
 9              THE COURT:  No.  You'll call her directly.
10              MR. STERN:   Yes, I thought you'd want me to do
11   that.
12              THE COURT:  Okay.
13              So I'll see you in courtroom 11C.
14              MS. JAGER:  At what time, Your Honor, 11:00?
15              THE COURT:  11:00.
16              MS. JAGER:  Thank you, Your Honor.
17              THE COURT:  You know, I mean, the alternative is
18   to start at 12:00 and not take any lunch break, which I'm
19   willing to do.
20              MR. STERN:  No, I don't think that's -- that's the
21   answer.
22              THE COURT:  You'll get more time.
23              MR. STERN:  All the other problems (ui).
24              THE COURT:  What?
25              MR. STERN:  The other difficulties will not be
```

1  solved by that.
2          THE COURT:  Well, I can't help it if you (ui).
3          MR. STERN:  Okay.
4          THE COURT:  That's your problem, really.  And
5  you'll be getting the documents.
6          MR. STERN:  The Passover holidays I don't think
7  are my problem, Judge.
8          THE COURT:  I'm sorry, I didn't mean to phrase it
9  that way, but you're getting the documents today.  You'll
10 have a chance Wednesday morning to look at them before the
11 testimony, which will put you in a far better position than
12 most defense counsel at trial or at a suppression hearing.
13 Anyway --
14         MR. STERN:  Okay.  You've made your ruling, Judge.
15         THE COURT:  Now, I'm just throwing this out
16 because if the parties would prefer to just start at 12:00
17 and not take a lunch break, we'll do that.  And we'll just
18 take a short, fifteen-minute break in the middle of the
19 afternoon.
20         MS. JAGER:  Whatever is more convenient for you,
21 Your Honor, the government doesn't have a preference.
22         MR. STERN:  Same here, Judge.
23         THE COURT:  Okay.
24         Then why don't we start at 11:00, because the
25 court reporters usually like to take a break.

```
 1              MS. JAGER:    Okay.
 2              MR. STERN:    Okay.
 3              THE COURT:    All right.  I'll see you then.
 4              MS. JAGER:    Thank you, Your Honor.
 5              MR. STERN:    Do you want to stay on, Ms. Jager?
 6              MS. JAGER:    I can stay on.
 7              THE COURT:    All right.  Let me stop the recording
 8    and I'll let you chat for a few minutes.
 9                           * * * * * * * * *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

18    I certify that the foregoing is a correct transcript
19 from the electronic sound recording of the proceedings in
20 the above-entitled matter.

23 *[signature]*

25 ELIZABETH BARRON                              March 30, 2010