**ORDER**
**U.S. v. Morgan, 09-cr-573 (BMC)(MDG)**

Defendant's motion for reconsideration [59] of this Court's March 31, 2010 order [55] requiring the defendant to disclose his suppression hearing witness list is denied. Contrary to the defendant's argument heard at a conference held on April 12, 2010, there is no constitutional barrier to requiring the pre-hearing disclosure of a defendant's witnesses in response to the government's disclosure of witnesses. See Taylor v. Illinois, 484 U.S. 400, 410-13 (1988); U.S. v. Russell, 109 F.3d 1503, 1510 (10th Cir. 1997); U.S. v. Fletcher, 74 F.3d 49, 54 (4th Cir. 1996); U.S. v. Abcasis, 785 F. Supp. 1113, 1118 (E.D.N.Y. 1992); U.S. v. Greater Syracuse Bd. of Realtors, 438 F. Supp. 376, 382 (N.D.N.Y. 1977). Although the defendant correctly notes that the government has not formally disclosed its witness list, implicit in the government's disclosure of 3500 material are the identities of the witnesses it intends to call. In any event, at the April 12, 2010 conference, the government confirmed the identities of the witnesses it will be calling. Moreover, at an ex parte conference immediately following the April 12, 2010 conference, the defendant did not offer a reason to protect the identity of any particular witness other than his desire to avoid early disclosure and his view that he previously sought only disclosure of documents and witnesses to the defendant's stop and arrest. By seeking early disclosure of Brady/Giglio materials, however, the defendant effectively obtained disclosure of the government's witnesses under the circumstances of this case.

**SO ORDERED.**

Dated: Brooklyn, New York
April 12, 2010

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE